**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Belizario V. Z.,

Petitioner,

v.

Bondi, et al.,

Respondents.

No. 26-343 (KMM/ECW)

**ORDER**

---

This matter is before the Court on Petitioner Belizario V. Z.'s Verified Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants the habeas petition and orders Belizario V. Z.'s immediate release.

**Background**

Petitioner Belizario V. Z. is a citizen of Guatemala and a resident of Shoreview, Minnesota. [ECF 1, ¶ 12.][2] He entered the United States in the 1990s and has resided here ever since. Belizario V. Z. is not subject to a final removal order. He has a pending asylum application and a valid work permit. Belizario V. Z. has a full-time job and volunteers at a food shelf.

Belizario V. Z. was arrested on his way to the food shelf on January 14, 2026, by ICE agents acting as part of Operation Metro Surge. He was shown neither an administrative nor a judicial warrant, and none has been produced.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies Petitioner by his first name and last initials or refers to him as Petitioner.

[2] Petitioner filed a Verified Petition for a Writ of Habeas Corpus with a statement of facts. [ECF 1.] Respondents filed a timely Response to the petition, but did not dispute any of the factual or procedural history set forth in the Petition. Therefore, the Court accepts those facts as true for the purposes of its analysis.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not point to any other basis for his detention or suggest that he has criminal history triggering other mandatory detention provisions.

**Analysis**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them, and therefore, their detention pursuant to that provision is unlawful. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Belizario V. Z. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

**Propriety of Immediate Release**

Petitioner Belizario V. Z. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the

Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. The court concluded that the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same).

Belizario V. Z. cited *Ahmed M.* in his Petition in support of his demand for immediate release, but Respondents did not address this argument or attempt to distinguish the case. Therefore, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of a violation of any of Belizario V. Z.'s previous conditions of supervision or work permit conditions, release is the correct remedy.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Belizario V. Z. Such release shall be on the same terms and conditions that governed Belizario V. Z. status previously, if there were conditions of release imposed.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 18, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge